**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| RAHMAN HILL, | : | MOTION TO VACATE |
|    Movant, | : | 28 U.S.C. § 2255 |
| | : | |
|    v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:10-CR-0326-TWT-JFK-2 |
| UNITED STATES OF AMERICA, | : | |
|    Respondent. | : | CIVIL FILE NO. |
| | : | 1:12-CV-1992-TWT-JFK |

## MAGISTRATE JUDGE'S FINAL
## REPORT AND RECOMMENDATION

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the § 2255 motion, (Doc. No. 134); the government's response, as supplemented, (Doc. Nos. 139, 152); and Movant's reply, as supplemented, (Doc. Nos. 148, 172). For the reasons discussed below, Movant's motion to vacate is due to be denied.

**I.   Background**

The Federal Grand Jury sitting in the Northern District of Georgia indicted Movant on one count of conspiracy to defraud the United States, in violation of 18 U.S.C. § 286. (Doc. No. 1). In May 2011, Movant entered a guilty plea. (Doc. No. 94, Attach.). In his plea agreement, Movant stated that he understood that the Court

would have discretion to impose a sentence up to the statutory maximum of ten years and that no one could predict his sentence at that time. (Id. ¶¶ 3, 4). Movant voluntarily and expressly waived the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in a § 2255 motion, with exceptions that do not apply here. (Id. ¶ 8).

The government agreed to seek a downward departure if it determined that Movant had provided "substantial assistance," and Defendant stated that he understood that whether he provided "substantial assistance" rested solely with the government. (Id. ¶ 15). The government agreed (1) to recommend that Movant receive an adjustment for acceptance of responsibility – with the understanding that if Movant engaged in conduct inconsistent with accepting responsibility it would not be required to make that recommendation – and (2) to recommend that he be sentenced at the low end of the adjusted guidelines range. (Id. ¶¶ 17, 18). The government recommended a base offense level of six and a sixteen level enhancement based on loss amount and recommended that the offense did not involve sophisticated means. (Id. ¶ 16). The plea agreement did not mention a leadership enhancement and left open the right to make further recommendations regarding the Sentencing Guidelines. (Id. ¶¶ 16, 21, 22).

2

At the plea hearing, Movant told the Court that he understood he could receive a sentence of up to ten years. (Doc. No. 132 at 19). The Court asked Movant whether he understood that the estimates or opinions that counsel had given him regarding his sentence were just opinions, that they were not binding on the Court, and that the Court alone would determine his sentence, and Movant stated that he understood. (Id. at 20). The Court questioned Movant whether he understood that he was voluntarily giving up his rights to direct and collateral review, and Movant stated that he understood. (Id. at 21). Movant agreed that the Court did not have to accept the sentencing recommendations in the plea agreement and that Movant's sentence might be harsher or greater than he anticipated. (Id. at 23). Movant agreed that no one had given him any promise or assurance (other than in the plea agreement) and that no one had coerced or threatened him to get him to plead guilty. (Id. at 23). The Court accepted Movant's guilty plea. (Id. at 32). On November 3, 2011, the Court imposed on Movant a one-hundred month term of imprisonment. (Doc. Nos. 123, 124).

Movant now brings this § 2255 motion and argues that his counsel provided ineffective assistance by: (1) refusing to assist Movant during crucial phases of the proceedings, operating under a conflict of interest, abandoning Movant, and failing to investigate and (2) inducing Movant to enter into a one-sided plea agreement that was not supported by consideration by the government. (Doc. No. 134 at 5-6). Movant

3

asserts that counsel operated under a conflict of interest based on Movant's inability to pay counsel, resulting in counsel refusing to prepare for sentencing and a total break down of the attorney-client relationship. (Doc. No. 134, Attach at 18-20). Movant contends that counsel violated the code of conduct for attorneys – his actions were morally reprehensible, condescending, and unsupportive; he did not avoid a controversy over fees, he misled Movant as to when he received a copy of the pre-sentence investigation report ("PSI"), and he did not object to the PSI – which prejudiced Movant during the sentencing process. (Id. at 18, 21-30). Movant contends that counsel "took" a plea agreement that is void and unenforceable because it lacks consideration. (Id. at 32-38).

The government asserts that Movant's appeal waiver should be enforced and that his § 2255 motion should be denied. (Doc. No. 139). Movant replies that the waiver is invalid because the plea agreement is void and because the plea agreement was involuntary on the grounds that counsel did not discuss a possible enhancement based on Movant's role in the offense, misled him on whether he could earn a downward departure, and misled him that his sentence would be seventy-months.[1]

---

[1] Movant mentions in passing the standard for reviewing a breach of a plea agreement, (Doc. No. 148 at 3), and on the next page he states that the government never intended to allow him to earn a downward departure, (id. at 4). The government agreed to seek a downward departure based on its sole determination that Movant had

AO 72A
(Rev.8/82)

(Doc. No. 148 at 2, 4). Movant also states, among other things, that "the issues raised as regards ineffective assistance essentially occurred after the plea agreement was entered and relate[] not to the Change of Plea Hearing, but to the period after the plea agreement was accepted[,] culminating in the Sentencing Hearing." (Id. at 2).

In a supplemental response, the government argues that Movant fails to show that his guilty plea was involuntary; that counsel's asking Movant to pay his fees was not a conflict of interest; that, to the extent there was a conflict of interest, it did not affect the plea process; and that the plea is a standard negotiated plea which the government did not breach. (Doc. No. 152 at 9-17). In his supplemental reply, Movant asserts that the issue of counsel's fees began to dominate his and counsel's discussions even before the guilty plea. (Doc. No. 172 at 2). Movant asserts that by the sentencing phase counsel had abandoned him and that his representation was so lacking that prejudice should be presumed. (Id. at 5). Movant also contends that with little help from counsel he himself "largely negotiated the plea agreement[,]" that "it was always [Movant's] intent to enter a guilty plea[,]" and that Movant did not

---

provided substantial assistance. The government indicated at sentencing that Movant's assistance had not reached that level. (Doc. No. 131 at 6). The Court perceives no breach by the government on this matter and does not further address this argument.

5

understand the contractual aspects of the plea agreement and "would never have agreed to an invalid agreement." (Id. at 9, 13).

## II.     28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. "An evidentiary hearing is not required when 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Gordon v. United States, 518 F.3d 1291, 1301 (11th Cir. 2008) (quoting § 2255). That is the case here, as shown in the discussion below.

## III.     Discussion

A sentence appeal waiver is enforceable if "either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993). Here, the Court properly questioned Movant and ascertained that he understood the appeal waiver. Movant's appeal waiver waived the right to raise a collateral challenge to his sentence. Further, the appeal waiver

6

waived the right to challenge his sentence via a claim that counsel was ineffective on sentencing matters. See Williams v. United States, 396 F.3d 1340, 1341-42 (11th Cir. 2005) (stating that a knowing and voluntarily sentence appeal waiver "precludes . . . § 2255 claims based on ineffective assistance at sentencing"). This is so unless Movant can succeed on his claim that his guilty plea (including the appeal waiver) was involuntary based on ineffective assistance of counsel. As discussed below, Movant fails to do so.

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Id. at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. Bottoson v. Moore, 234 F.3d 526, 532 (11th Cir. 2000). To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a petitioner must show that the advice he received from counsel "'fell below an objective standard of reasonableness'" and "'that there is a reasonable probability that, but for unprofessional counsel's errors,'" "he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (quoting Strickland, 466 U.S. at 688, 694).

7

Movant fails to show that he was prejudiced by counsel's alleged deficient representation – including counsel's failure to discuss a possible enhancement based on Movant's role in the offense and his allegedly misleading Movant on whether he could earn a downward departure and that his sentence would be seventy-months[2] – during the plea process. Movant affirmatively states that he always intended to plead guilty and nowhere demonstrates that, but for counsel's alleged deficiencies, he would have insisted on going to trial.[3] The court also notes that Movant's allegations of ineffective assistance of counsel focus on counsel's lack of adequate representation on sentencing matters. Indeed, Movant in his first reply stated that "the issues raised as regards ineffective assistance essentially occurred after the plea agreement was entered and relate[] not to the Change of Plea Hearing, but to the period after the plea agreement was accepted[,] culminating in the Sentencing Hearing." (Doc. No. 148 at 2). Counsel's performance on sentencing matters do not show that counsel's

---

[2] Movant understood at the plea hearing that any estimate counsel may have given him was not binding on the Court and that he could be sentenced anywhere up to the statutory maximum of ten years.

[3] Movant's assertion that he did not understand the contractual aspects of the plea and that he would never have entered an invalid plea – if construed to argue that had counsel explained that the plea was contractually invalid, he would not have pleaded guilty – fails. (See Doc. No. 172 at 13). Movant does not show that the guilty plea was contractually invalid, and there was no deficiency by counsel for failing to advise otherwise.

8

representation regarding the decision to plead was deficient or that the guilty plea was involuntary.

Additionally, contrary to Movant's argument, the Court finds that the plea agreement is properly supported by consideration by the government and that the plea agreement is not void based on lack of consideration. The Sentencing Guidelines do not require the government to recommend any adjustment for acceptance of responsibility. See U.S.S.G. § 3E.1.1. The government, however, agreed that it would make that recommendation, with the understanding that if Movant engaged in conduct inconsistent with accepting responsibility it would not be required to make that recommendation. Further, the government agreed to recommend that Movant be sentenced to the low end of the adjusted guidelines range. It is recommended that Movant's claim that his guilty plea was involuntary fails. As stated earlier, Movant's remaining claims are barred by his appeal waiver.

## IV. <u>Certificate of Appealability (COA)</u>

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has

9

made a substantial showing of the denial of a constitutional right." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." To satisfy that standard, a movant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Lott v. Attorney Gen., 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," . . . a certificate of appealability should issue only when the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

It is recommended that a COA is unwarranted because it is not debatable that Movant has failed to show that his guilty plea was involuntary. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of

10

AO 72A
(Rev.8/82)

Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

**V.     Conclusion**

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's 28 U.S.C. § 2255 motion, (Doc. No. 134), be **DENIED** and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 25th day of January, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)